[Civ. No. 4578.   Second Appellate District, Division One.—June 2, 1925.]

GERVAISE PURCELL, Appellant, v. CITY OF SAN GABRIEL, Respondent.

[1] CONTRACTS—EMPLOYMENT OF ENGINEER BY CITY—DUTY TO PREPARE PLANS AND DESIGNS—CONSTRUCTION OF AGREEMENT—INTENT. Where the formal parts of a contract for the employment by a city of a civil engineer in connection with the acquisition of a

municipal water system are preceded by the preamble, "it being impossible for either the board of trustees of said city or the people of the city to intelligently determine how to proceed in such acquisition unless estimates of the value . . . and comprehensive plans and designs are prepared and submitted as to the proposed installation . . . is made by a competent engineer," and then follows a paragraph whereby said engineer is employed to make such estimates, to prepare and submit such plans and designs, and to report thereon to said city trustees within a reasonable time, and in a further paragraph the board of trustees agrees to submit to the voters the question of municipal ownership of waterworks and a bond issue to pay for the same, within a reasonable time, upon receipt of a favorable report from the engineer, a reasonable construction of such contract is that the parties intend that the plans and designs are to be used not only for the purpose of advising the board of trustees in its acquisition of a municipal water system for the city, but also for the purpose of enabling the people of said city to intelligently determine whether they will favor the city incurring a bonded indebtedness for such a system.

[2] ID.—CONSTRUCTION OF AGREEMENT AS A WHOLE—NEGLECT OF ENGINEER TO SUBMIT PLANS AND DESIGNS—OBLIGATION TO CALL BOND ELECTION.—While the paragraph in said contract to the effect that the board of trustees agrees to submit to the voters the question of municipal ownership of waterworks and a bond issue to pay for the same, within a reasonable time, upon receipt of a favorable report from the engineer, is not entirely clear, yet, construing the contract as a whole, it is apparent that the "report" mentioned in said paragraph refers back to the report already mentioned in the preceding paragraphs and which was to be submitted along with the plans and designs as a part thereof; and this being so, the neglect of the engineer to submit as a part of his report any plans and designs of the proposed water system was a failure on his part to perform the terms of his contract of employment, and the board of trustees was under no obligation to call the bond election until such plans and designs had been filed as a part of the report.

[3] ID. — BREACH BY ENGINEER — ACTION FOR DAMAGES — QUANTUM MERUIT.—Said engineer having failed to perform the terms of his contract of employment, he had no standing in an action for damages for an alleged breach thereof on the part of the city, based upon the refusal of the board of trustees to call the bond election; neither could he recover the reasonable value of his services rendered where the contract provided that the only compensation he was to receive (other than certain expenses and costs) was to be paid him only when an election had been held and the electors of said city had voted to incur said bonded indebtedness.

[4] ID.—FAILURE TO SUBMIT ADEQUATE REPORT—RIGHT TO COMPENSA-
TION —FINDINGS.—In an action by said engineer against said city
to recover, in one count, the amount claimed to be due under said
contract of employment and, in a second count, the same amount
based upon the reasonable value of his services, following the
refusal of the board of trustees to call the bond election, where
the trial court found that the report submitted by plaintiff was
incomplete in many particulars, that the same was not accom-
panied by any plans, drawing, designs, or details, which were
sufficient to make said report intelligible, that the data contained
in said report was incorrect and insufficient, and the findings then
specified numerous material particulars in which the report was
incorrect and insufficient, this amounted to a finding that plaintiff
had not submitted any adequate report as called for by his con-
tract of employment; and until he had submitted such a report
to the board of trustees, he was not entitled to any compensation
under the contract, nor was said board of trustees, or the city,
under any obligation to take any further action thereunder.

[5] ID.—ACQUIESCENCE IN DEPARTURES—EVIDENCE—FINDINGS.—On ap-
peal from the judgment in favor of the defendant in said action,
there was no merit in the contention of plaintiff that any de-
parture on his part from the terms of the contract was acquiesced
in and waived by defendant, where there was nothing in the evi-
dence to justify such claim, and the findings of the trial court
were directly to the contrary.

---

(1) 28 Cyc., p. 599, n. 21, p. 1046, n. 16 New. (2) 13 C. J., p. 525,
n. 42. (3) 28 Cyc., p. 599, n. 21. (4) 28 Cyc., p. 599, n. 21. (5)
13 C. J., p. 693, n. 98.

APPEAL from a judgment of the Superior Court of Los
Angeles County. J. L. Fleming, Judge, *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw for Appellant.

Haas & Dunning and H. S. Farrell, City Attorney, for
Respondent.

CURTIS, J.—The defendant, the City of San Gabriel, was
contemplating the installation of a municipal water system
and entered into the following contract with plaintiff, a
civil engineer:

"Contract of Employment.

"This Agreement, made and entered into this 8th day of February, 1921.

"Witness: That, whereas, the City of San Gabriel, California, being desirous of owning and operating a water system and of acquiring the same by purchase, condemnation, or new construction, by means of a bond issue for the purpose of procuring funds therefor, and it being impossible for either the Board of Trustees of said City or the people of the city to intelligently determine how to proceed in such acquisition unless estimates of the value of the present plants in private operation and ownership, and comprehensive plans and designs are prepared and submitted as to the proposed installation of a new system or extension of the present system, now located in said city, in the event of purchase and cost of new construction, is made by a competent engineer.

"Therefore, the City of San Gabriel does hereby employ Gervaise Purcell to make such estimates, prepare and submit such plans and designs and to report thereon to the City Trustees within a reasonable time, and said Gervaise Purcell does hereby agree to use his best skill in making such estimates, preparing and submitting such plans and designs and to report the same to said Trustees within a reasonable time, and to cooperate with them and with any water committee that may be appointed by them or the Chamber of Commerce of said City for the purpose of informing the voters of said City as to the merits of said municipal ownership.

"That said engineer shall be paid as compensation for such service as follows:

"Ten per centum (10%) of the total costs of such works, payable as payments are made on the said water systems, or parts of said system or systems.

"Provided, however, that said City shall compensate said engineer for any expense or cost he incurs in making excavations and surveys prior to the bond election held hereunder, and in the event said bond issue shall not be carried at said election no further charge than herein set out shall be made by said engineer.

"Provided, also, that said Board of Trustees shall appoint or cause to be appointed by the Chamber of Commerce of

said City, a water committee to act with the parties hereto for the purpose of informing the voters of the necessity and benefits of City ownership, to the end that said bond election may be carried by a large majority.

"Said Board of Trustees agree to submit the question of municipal ownership of water works, and a bond issue to pay for same, to the voters of said city within a reasonable time upon receipt of a favorable report from said engineer.

"Said Gervaise Purcell agrees that in the event bonds are voted by the City for a water works system, that he will perform all engineering services necessary in the design and construction of said water works, furnish valuations and conduct negotiations looking to the purchase of the existing plants and systems now operating in said City; that said services will be performed in a skillful and scientific manner and according to the best principles and theories of engineering in use in this locality and said work on behalf of said engineer shall commence promptly hereafter and shall be faithfully and diligently performed until the services and work herein described have been fully and completely furnished and performed and that all of said services above mentioned and described shall be for the compensation herein mentioned.

"Time shall be the essence of this contract.

"This agreement made in duplicate, pursuant to resolution No. 51 of said City, adopted February 8th, 1921, which is hereby made a part of this agreement.

"Witness our hands this 8th day of February, 1921.

"CITY OF SAN GABRIEL,<br>
"By GEO. D. DAKE,<br>
President of Board of Trustees.<br>
"GERVAISE PURCELL,<br>
Engineer.

'Attest:
"IRA H. STOUFFER,
"City Clerk of the City of San Gabriel."

'After the execution of the contract the plaintiff made certain investigations as to the most feasible means in his judgment of obtaining a water supply for said City; obtained for said City certain options on water-bearing lands, situated in or near said City, on which there was situated a well producing a supply of water; made an examination of the two private water systems that were then furnishing

water to the inhabitants of said city, and made a physical valuation of their property; designed a circulating distributing system for conducting water to various sections of said City with a list of the streets of said City, and the class and length of pipe for each street; and made an estimate of the cost of the proposed system. These facts, with the exception of the valuation placed upon the two private systems already referred to, he embodied in a written report which he submitted to the board of trustees of the defendant within a reasonable time after his employment. He did, not, however, at that time, or ever, prepare or present to the board of trustees any plans or designs of said proposed system other than what were contained in said written report. The City refused to call an election for the purpose of submitting to the electors the question of said bond issue, and thereupon, plaintiff instituted this action. The complaint contains two counts, one based upon the contract of employment, wherein plaintiff claims there is due him the sum of $20,000, being ten per cent of the estimated cost of the proposed system; the second count is based upon the reasonable value of plaintiff's services in which he asks for the same amount as is claimed by him in the first count. The court found in favor of the defendant and the plaintiff has appealed.

Appellant concedes that the evidence is sufficient to support the findings, but contends that the trial court erred in its construction of the contract of employment between the parties. The trial court held that by the terms of the contract the appellant was to prepare and submit to the Board of Trustees the plans and designs prior to the submission of the question of a bonded indebtedness to the electors of said City. Appellant contends that he was under no obligation to prepare or submit such plans and designs until after said electors had declared in favor of said bond issue, and said board of trustees required the plans and designs for the purpose of installing the water system. Appellant, concedes that the plans and designs contemplated by the contract were never submitted by him to the board of trustees of the respondent.

[1] We think a reasonable construction to be given the contract is that the parties intended that the plans and designs were to be used not only for the purpose of advis-

ing the board of trustees in its acquisition of a municipal water system for the City, but also for the purpose of enabling the people of said City to intelligently determine whether they would favor the City incurring a bonded indebtedness for such a system. This intention clearly appears from the preamble immediately preceding the formal parts of the contract in the use of the following words, ''it being impossible for either the board of trustees of said City or in such acquisition unless estimates of the value . . . and the people of the City to intelligently determine how to proceed in such acquisition unless estimates of the value . . . and comprehensive plans and designs are prepared and submitted as to the proposed installation . . . , is made by a competent engineer.'' Then follows the paragraph of the contract whereby the appellant is employed to make such estimates, to prepare and submit such plans and designs, and to report thereon to said city trustees within a reasonable time. We think this paragraph indicates that it was in the contemplation of the parties that the plans and designs were to accompany the report of the engineer, and were to be submitted to the board of trustees with said report as a part thereof. The contract further proceeds with the appellant's agreement to use his best skill in making such estimates, preparing and submitting such plans and designs, and to report to said trustees within a reasonable time. This language of the contract also indicates that the parties contemplated that the plans and designs, and the report itself were practically inseparable and were to be submitted to the board at one and the same time. [2] In a further paragraph of the contract the board of trustees of said City agreed to submit to the voters the question of municipal ownership of waterworks and a bond issue to pay for the same, within a reasonable time, upon receipt of a favorable report from the engineer. While it is not entirely clear, yet, construing the contract as a whole, we are of the opinion that the report mentioned in this paragraph of the contract refers back to the report already mentioned in the preceding paragraphs and which was to be submitted along with the plans and designs and as a part thereof. This being so the neglect of the appellant to submit as a part of his report any plans and designs of the proposed water system, was a failure on his part to perform the terms of

his contract of employment. [3] The board of trustees was under no obligation to call the bond election until such plans and designs had been filed as a part of the report. Having failed to perform the terms of the contract on his part to be performed, he had no standing in an action for damages for an alleged breach thereof on the part of respondent: Neither can he recover the reasonable value of his services rendered, for the reason that said services were rendered under the contract which provided that the only compensation to be paid appellant (except for certain expenses and costs incurred in making excavations and surveys prior to the bond election, which are not involved in this action), was to be paid him only when an election had been held, and the electors of said City had voted to incur said bonded indebtedness. We are, therefore, of the opinion that the trial court gave the correct construction to the contract.

[4] The court further found "that the said report was incomplete in many particulars, that the same was not accompanied by any plans, drawings, designs, or details, which were sufficient to make said report intelligible or otherwise, or at all; that the data contained in said report was incorrect and was insufficient." The findings then specify wherein said report was incorrect and insufficient. Among these specifications were the following: There were forty-eight streets in said City and said report made provision for laying pipe in only twenty-one of said streets; the estimated length of many of said streets was incorrectly stated in said report; the area of said City, as stated in said report, and to which said water system was to supply water, was 1,400 acres, while the true area was 1,850 acres, and there was a failure to provide for certain main pipe-lines and conduits necessary to complete the water system which appellant had planned and reported to said board of trustees. The court further found that said report provided for a supply of only 140 inches of water, which was wholly inadequate to meet either the present or future needs of said City. The finding of the court would preclude any recovery on the part of appellant, even if the court had given the contract the construction claimed for it by him. The court, in effect, found that appellant had not submitted any adequate report as called for by his contract of employment. Until appellant had submitted such a report to the board of

trustees, he was not entitled to any compensation under the contract, nor was said board of trustees, or said respondent, under any obligation to take any further action thereunder.

[5] The appellant makes the further point that any departures on his part from the terms of the contract were acquiesced in and waived by the respondent. There is nothing in the evidence to justify this claim, and the findings of the court are directly to the contrary.

Finally appellant contends that having performed the contract in so far as he was able, and the respondent having prevented its further and complete performance, appellant is entitled to recover damages for its breach. If the facts of the case or the findings of the court would support such a contention, we would readily agree with appellant, but it is apparent from what we have already said that this claim finds no support from any source.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.